Judge Mills
delivered the Opinion of the Court.
This is an ejectment, and the question to be decided is the validity of the patent of the lessor of the plaintiff, or whether it is void for uncertainty, or whether the defect therein, is an omission or mistake which ought to be supplied from a consideration of the patent and plat and certificate of survey taken together? This question was decided for the defendant jn the court below.
The quantity called for in the patent and certificate of survey, is 84 acres, and is said in both these documents to be included in a figure of five lines and angles. But the plat annexed to the certificate of survey represents the figure as one of six lines. If the quantity is surveyed in five lines, or attempted *160 to be thus laid down, pursuing the courses and distances given, in both patent and certificate, after coining to the third course from the beginning and attempting to run the third line, it will intersect the first and last line of the patent, and include only two small triangles of from one to three or four acres each, and the fqurth and fifth lines, so far from closing the survey, will run without the figure still further off, and place the operator much further from closing the survey than he was at the third corner, and the quantity will never be had, and the ias| line will never come to the beginning, as asserted in both the patent and certificate of survey. This will make the call for the third line conflict with the last.
Effect of mistake in the patent.
Omission of the surveyor, the agent chosen by the government, for not by the owner óf the warrant, to actuary measure off the land, does not render the grant void.
And it is insisted that it proves that the surveyor dicj not make the survey, and that the patent is void for uncertainty. This conclusion, however, cannot be admitted. There is not only a presumption, but a strong one, that the officer did his duty, and his report is designed to be evidence that he did it, and wé must therefore examine his report, and if his lines will not close, we ought first to ascertain whether there is a mistake, and whether, from the face thereof, we can ascertain, what and where that mistake is, before we can conclude that the patent is void.
For the first, second and third courses of this patent, trees are called for, and for the rest of the corners, stakes or posts are called for. We cannot derjve any aid to this patent from the parol proof; for that only fixes the first, second and third corners, and a chain carrier at the making of the original survey deposes, that they only made these three corners, and that the surveyor there stopped, and did not proceed further. But although the law directs the surveyor to see the whole survey marked and bounded, and it is the duty qf the surveyor todo so;,yet this is only directory to the surveyor who is the agent of the government chosen/or, and not by the owner of the warrant, who ought not to lose his rights, even if the surveyor did not perform his duty, if the place where the patent. is situated can *161 be ascertained, and we can ascertain from what is done, the figure of the survey including the quantity.
Mistake of the surveyor in omitting the third line in a,survey of five lines and corners proved by the effects and consequences found on inspection and by tlie surveyor’s original plat.
Original plat of the survey- or is evidence to shew the position of the land.
- This brings us back to an examination of the patent, aided by the- plat and certificate of survey, and we have seen that the certificate does not cure, but agrees with the patent. But from the patenf and certificate alone, we can ascertain that there js a mistake. And in pursuing the inquiry as to where the mistake is, we have more than one call opposed to another, to point out the place. If there was nothing else opposed to the third call but the last, the testimqny of each might be equal, and we might not be able to determine between them/ But the impossibility of making any survey, if the third course is pursued; and the call for quantity are likewise opposed tq the decisive testimony of the third call. Add tq this, if we commence at the beginning, and run tp the third corner, and then return tq the beginning and reverse the last, and two next preceding lines, we will form an unclosed-survey, or qne which may be closed by one additional line, and where so closed, it will include the quantity desired, which indicates that this open line has been omitted by the surveyor through mistake. Add to this, if we suppose any other line than this ’open, or third line, to 7be omitted, and attempt tq close the survey, the attempt will prove abortive, gnd the construction of another figure is impossible. Thus the calls of the patent and certifipate alone go far, when all the calls are taken together, to point out what and where the mistake is — that is, that the surveyor omitted .an entire line. But we áre not left to decide the case here. For when the plat is inspected, it exhibits tq the eye at once, a figure, precisely corresponding with the one which we have constructed by inserting the omitted line, and indeed, exhibits fhe third line itself, which was the qne omitted.
The plat is a necessary part of the surveyor’s report required by law, and is therefore proper evidence, in ascertaining the position of the land and what is included, and must settle the figure in this
flat ma.y have the effect of bounding the land by a river ■ when the courses and distances would not,
Mayes, for appellant; Crittenden, for appellee.
case, and prove tbe mistake. This accords with many other decisions of this court, in construing the acts of ministerial officers, ut res mcigis vaelat quam pereat.
It has often happened that surveyors have one or more lines, bounded by streams of water, calling for divers courses, as meanders thereof, and the plat itself, exhibits the stream as cpmppsing such lines. But when there is an attempt to run these courses and distances contained in the certificate and patent, they will pot follow the stream at all, but widely depart therefrom. In such a case, it has been held that the stream must control the courses and distances called for, because the plat makes the stream the boundary. We therefore conclude, that the plat in this case, must be held sufficient under these circumstances to supply this omitted course, and to correct the silence or the omission of the certificate and patent, and.that the court below erred in refusing to supply this omitted line, and sustain the patent, and the judgment must be reversed, and the verdict be set aside with costs, and the cause be remanded for new proceedings, not inconsistent with this opinion.